IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCAS OBI, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL UNDERWOOD, Warden, F.C.I. ) <br> Loretto, *et. al.*[1] ) <br> ) <br> Respondents. ) | Civil Action No. 3:23-cv-274 <br> Judge Stephanie L. Haines <br> Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2241 by *pro se* Petitioner Lucas Obi ("Petitioner") (ECF No. 1). Petitioner is incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto") and challenges the Bureau of Prisons' ("BOP") decision not to give him Earned Time Credits ("ETCs") under the First Step Act ("FSA"). (*Id.*). Petitioner brings his Petition against Michael Underwood, Warden of FCI-Loretto, and Collette S. Peters, Director of the Bureau of Prisons ("BOP") (collectively "Respondents").

Petitioner's Petition was served on Respondents and they filed a Response contending that Petitioner's Final Order of Removal precludes application of his ETCs. (ECF No. 13 at 10). Respondents further assert that Petitioner is prohibited from receiving ETCs for the period of time he was noncompliant with the inmate responsibility program. (*Id.* at 11). Petitioner then filed a traverse (ECF No. 15) stating that he exhausted all administrative remedies before filing his Petition and that his Final Order of Removal cannot be used to deny him ETCs because the order pre-dates his current sentence.

---

[1] Petitioner named BOP Director Colette Peters and Michael Underwood, the Warden of F.C.I. Loretto, as Respondents. However, the only proper respondent in this habeas petition is Warden Underwood. (*See* ECF No. 13 at 1 n.1); *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

1

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 16) recommending that the Petition be denied. Judge Pesto states that Petitioner is ineligible to receive ETCs under the FSA because he is subject to a Final Order of Removal. (*Id.*). He rejects Petitioner's argument that the Final Order of Removal does not apply here because it was executed many years before his sentence. (*Id.* at 2-3). Judge Pesto advised Petitioner of the 14-day time period to file objections. (*Id.* at 3).

Petitioner then filed Objections (ECF No. 17) stating that the Government did not comply with 8 C.F.R. § 1241.1, related to Final Orders of Removal, as it did not bring him before an Immigration and Customs Enforcement ("ICE") judge. (*Id.* at 2). He further contends that, due to this error, he is not subject to a final order of removal and he is, therefore, entitled to application of all of his ETCs. (*Id.*).

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

Upon review of the record, the Report and Recommendation (ECF No. 16), and Petitioner's Objections (ECF No. 17), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter and overrule Petitioner's

Objections.

In his Objections, Petitioner contends that his final order of removal is not valid because the government did not comply with 8 C.F.R. § 1241.1 as he did not have a hearing before an immigration judge. (ECF No. 17). However, Petitioner overlooks that 8 C.F.R. § 1241.1 sets forth when an order of removal made by an immigration judge at the conclusion of proceedings under section 240 of the Immigration and Nationality Act becomes final. The statute governing which prisoners are ineligible to receive ETCs states that "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under *any* provision of the immigration laws[.]" 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis added). Here, Respondents provide documentation that shows Petitioner is subject to a final order of removal. (ECF No. 13-8 at 2). This documentation shows that the Department of Homeland Security lodged an immigration detainer against Petitioner, reflecting that there is "[a] final order of removal against the alien[.]" (*Id.* at 2). Pursuant to the plan language of 18 U.S.C. § 3632(d)(4)(E)(i) and because of Petitioner's final order of removal, the Court overrules Petitioner's objections.

The Court therefore denies Petitioner's Petition. An appropriate Order follows.

## ORDER

AND NOW, this 18th day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 16) is adopted as the Court's Opinion and;

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 17) are hereby OVERRULED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby DENIED;

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Lucas Obi, Reg. No. 18410-050
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630
Pro se

4